IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMAN GIBSON, #N28018, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00316-GPM |
| | ) |
| RICHARD HARRINGTON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who is a prisoner in Menard Correctional Center ("Menard"), comes now before the Court on a motion for preliminary injunction and temporary restraining order (Doc. 1). He also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) and motion for witnesses (Doc. 5). For the following reasons, Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 1), motion for leave to proceed *in forma pauperis* (Doc. 3), and motion for witnesses (Doc. 5) are **DENIED**.

### Motion for Preliminary Injunction/TRO
### And Motion for Witnesses

Plaintiff seeks a preliminary injunction and temporary restraining order enjoining Defendant Richard Harrington's alleged violations of Menard inmates' constitutional rights under the Fifth and Eighth Amendments (Doc. 1, p. 1). Along with his three-page motion and affidavit, Plaintiff includes twenty-one additional pages of inmate affidavits and unsigned "Offender's Grievances" (Doc. 1, pp. 4-24).

When read together, Plaintiff appears to take issue with the conditions of his confinement and link these conditions to retaliatory conduct by Menard staff members (Doc. 1). In his

1

motion, Plaintiff generally complains of restrictions on "diet, medical, or sanitary facilities, mail, or access to legal materials" (Doc. 1, p. 2).  In his supporting affidavit, Plaintiff asserts that he was denied "exercise, legal access, religious service, nutritionally adequate food, property, mail, times on the hot and cold water, shower, [and] medical service . . ." (Doc. 1, p. 3).  He complains of banging on cell bars and staff members' refusal to hear his grievances.  Without any explanation in his motion or affidavit, Plaintiff also alleges that Defendant Harrington violated federal and Illinois state laws prohibiting conspiracy to commit murder and corporal punishment (Doc. 1, p. 2).  Plaintiff also alleges that Defendant Harrington uses staff assaults to mistreat inmates in the east and west cell houses at Menard.

The additional affidavits and unsigned "Offender's Grievances" appear to link these allegedly inhumane conditions of confinement to retaliatory conduct by Menard's staff members.  One of these "Offender's Grievances" contains an assertion that "a prisoner was allegedly killed by his cell-mate" on January 31, 2013, an act which "was calculated and deliberately allowed to happen by Menard Prison officials" (Doc. 1, p. 13).  A second "Offender's Grievance" seems to draw a connection between an inmate assault on a chaplain and prison guards on February 5, 2013, to diminished food portions (Doc. 1, pp. 16-17).  Plaintiff does not complain that he is in any danger.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.  Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will

outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds the preliminary injunction and temporary restraining order should *not* be issued at this time. Plaintiff has not properly commenced this action by filing a complaint. According to the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Plaintiff's motion and affidavit do not suffice as a complaint. Further, the allegations in Plaintiff's motion and affidavit do not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the other criteria outlined above. Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 1) is **DENIED**. Plaintiff's related motion for witnesses (Doc. 5) is also **DENIED**.

## IFP Status

After filing his motion for preliminary injunction and temporary restraining order, Plaintiff filed an IFP motion (Doc. 3). He has not paid the filing fee for commencing this action. Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6- month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of

each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Plaintiff satisfied these basic requirements.

However, Plaintiff's IFP motion fails on its merits.  According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment.  *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Review of Plaintiff's extensive litigation history reveals that Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See, e.g., Gibson, et al. v. Welborn, et al.*, Civil No. 93-083-WDS (S.D. Ill., dismissed as frivolous, Sept. 7, 1993); *Robinson, et al. v. Pierson, et al.*, Civil No. 98-153-DRH (S.D. Ill., dismissed as frivolous, Dec. 3, 1998); *Gibson v. Ryan, et al.*, Civil No. 01-377-DRH (S.D. Ill., dismissed as frivolous, Oct. 31, 2001).  Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has not satisfied this requirement.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526,

529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood*, 91 F.3d 1023 (7th Cir. 1996)).

In his IFP motion and affidavit, Plaintiff does not claim to be in imminent danger of serious physical injury (Doc. 3). In fact, he does not claim to be in danger at all. In all other pleadings filed to date, Plaintiff addresses conditions of confinement generally (Docs. 1-2, 4-5). He takes issue with many aspects of Menard's prison conditions, including the prison's lockdown status, his ability to exercise, his access to hot/cold water, his food portions, and his religious activities, among numerous other conditions (Docs. 1-2, 4). Plaintiff includes no specifics in his IFP motion or affidavit, or elsewhere, regarding particular deprivations by particular individuals on particular dates (Doc. 3). Although he includes a number of other documents with his pleadings, these documents do not pertain to him.

Under the circumstances, Plaintiff has not demonstrated that he is in "imminent danger" within the meaning of 28 U.S.C. § 1915(g). Plaintiff cannot escape the "three-strikes" rule of Section 1915(g), and thus cannot proceed IFP in this case. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**. This case is **DISMISSED**.

## Disposition

**IT IS THEREFORE ORDERED** that Plaintiff's request for a preliminary injunction and temporary restraining order is **DENIED**.

**IT IS ORDERED** that Plaintiff's motion for witnesses is **DENIED**.

5

**IT IS ALSO ORDERED** that Plaintiff is **DENIED** leave to proceed IFP in this case, and this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350.00 for this action within **thirty-five (35) days** of the date of entry of this Order or face dismissal of this action with prejudice. Such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(g)(b)(1); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 18, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge